1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

D. GIBBS POLICY, LLC, a Nevada
limited company,

Plaintiff,

v.

AXA EQUITABLE LIFE
INSURANCE COMPANY, a
Delaware Corporation.

Defendant.

Case No. 2:20-cv-04006-DSF-RAO

STIPULATED PROTECTIVE
ORDER[1]

Complaint Filed: April 30, 2020
Trial Date: None Set

1.    A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted and the full extent and nature of which is not currently known to the parties.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1

STIPULATED PROTECTIVE ORDER

1  that the protection it affords from public disclosure and use extends only to the

2  limited information or items that are entitled to confidential treatment under the

3  applicable legal principles.

4

5  ### B. GOOD CAUSE STATEMENT

6  This action involves a life insurance policy (the "Policy") issued to Dempsey

7  G. Gibbs ("Gibbs"), an individual who is alive and not a named party to this action.

8  The Policy file includes confidential and private information relating to Gibbs,

9  including medical records and financial information. Discovery in this action will

10  require production of the Policy file, and may require the production and/or

11  disclosure of additional confidential and private information relating to Gibbs;

12  confidential, trade secret and/or proprietary business information belonging to

13  defendant AXA Equitable Life Insurance Company; and confidential and/or private

14  information relating to third party witnesses. Special protection from public

15  disclosure and from use for any purpose other than prosecution of this action of the

16  above-referenced information and documents is warranted.

17  Accordingly, to expedite the flow of information, to facilitate the prompt

18  resolution of disputes over confidentiality of discovery materials, to adequately

19  protect information the parties, Gibbs and third parties are entitled to keep

20  confidential, to ensure that the parties are permitted reasonable necessary uses of

21  such material in preparation for and in the conduct of trial, to address their handling

22  at the end of the litigation, and serve the ends of justice, a protective order for such

23  information is justified in this matter.  It is the intent of the parties that information

24  will not be designated as confidential for tactical reasons and that nothing be so

25  designated without a good faith belief that it has been maintained in a confidential,

26  non-public manner, and there is good cause why it should not be part of the public

27  record of this case.

28

STIPULATED PROTECTIVE ORDER

1     <u>C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

2     The parties further acknowledge, as set forth in Section 12.3, below, that this

3 Stipulated Protective Order does not entitle them to file confidential information

4 under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

5 and the standards that will be applied when a party seeks permission from the court

6 to file material under seal.

7     There is a strong presumption that the public has a right of access to judicial

8 proceedings and records in civil cases.  In connection with non-dispositive motions,

9 good cause must be shown to support a filing under seal.  *See* <u>Kamakana v. City and</u>

10 <u>County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors</u>

11 <u>Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics,</u>

12 <u>Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

13 require good cause showing). A specific showing of good cause or compelling

14 reasons with proper evidentiary support and legal justification must be made with

15 respect to Protected Material that a party seeks to file under seal.  The parties' mere

16 designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

17 without the submission of competent evidence by declaration, establishing that the

18 material sought to be filed under seal qualifies as confidential, privileged, or

19 otherwise protectable—constitute good cause.

20     Further, if a party requests sealing related to a dispositive motion or trial, then

21 compelling reasons, not only good cause, for the sealing must be shown, and the

22 relief sought shall be narrowly tailored to serve the specific interest to be protected.

23 *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

24 each item or type of information, document, or thing sought to be filed or introduced

25 under seal in connection with a dispositive motion or trial, the party seeking

26 protection must articulate compelling reasons, supported by specific facts and legal

27

28

3

STIPULATED PROTECTIVE ORDER

1   justification, for the requested sealing order.  Again, competent evidence supporting

2   the application to file documents under seal must be provided by declaration.

3         Any document that is not confidential, privileged, or otherwise protectable in

4   its entirety will not be filed under seal if the confidential portions can be redacted.

5   If documents can be redacted, then a redacted version for public viewing, omitting

6   only the confidential, privileged, or otherwise protectable portions of the document,

7   shall be filed.  Any application that seeks to file documents under seal in their

8   entirety should include an explanation of why redaction is not feasible.

9

10  2.      DEFINITIONS

11        2.1    Action: [this pending federal lawsuit].

12        2.2    Challenging Party:  a Party or Non-Party that challenges the

13  designation of information or items under this Order.

14        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

15  how it is generated, stored or maintained) or tangible things that qualify for

16  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

17  the Good Cause Statement.

18        2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as

19  their support staff).

20        2.5    Designating Party:  a Party or Non-Party that designates information or

21  items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL."

23        2.6    Disclosure or Discovery Material:  all items or information, regardless

24  of the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced or

26  generated in disclosures or responses to discovery in this matter.

27        2.7    Expert:  a person with specialized knowledge or experience in a matter

28                                              4

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, members, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

5

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.     DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not

1   swept unjustifiably within the ambit of this Order.

2       Mass, indiscriminate or routinized designations are prohibited.  Designations

3   that are shown to be clearly unjustified or that have been made for an improper

4   purpose (e.g., to unnecessarily encumber the case development process or to impose

5   unnecessary expenses and burdens on other parties) may expose the Designating

6   Party to sanctions.

7       If it comes to a Designating Party's attention that information or items that it

8   designated for protection do not qualify for protection, that Designating Party must

9   promptly notify all other Parties that it is withdrawing the inapplicable designation.

10      5.2   Manner and Timing of Designations.  Except as otherwise provided in

11   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

12   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

13   under this Order must be clearly so designated before the material is disclosed or

14   produced.

15      Designation in conformity with this Order requires:

16          (a)  for information in documentary form (e.g., paper or electronic

17   documents, but excluding transcripts of depositions or other pretrial or trial

18   proceedings), that the Producing Party affix at a minimum, the legend

19   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

20   contains protected material.  If only a portion of the material on a page qualifies for

21   protection, the Producing Party also must clearly identify the protected portion(s)

22   (e.g., by making appropriate markings in the margins).

23      A Party or Non-Party that makes original documents available for inspection

24   need not designate them for protection until after the inspecting Party has indicated

25   which documents it would like copied and produced.  During the inspection and

26   before the designation, all of the material made available for inspection shall be

27   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

28

STIPULATED PROTECTIVE ORDER

1   documents it wants copied and produced, the Producing Party must determine which

2   documents, or portions thereof, qualify for protection under this Order.  Then,

3   before producing the specified documents, the Producing Party must affix the

4   "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

5   portion of the material on a page qualifies for protection, the Producing Party also

6   must clearly identify the protected portion(s) (e.g., by making appropriate markings

7   in the margins).

8           (b)  for testimony given in depositions that the Designating Party identifies

9   the Disclosure or Discovery Material on the record, before the close of the

10   deposition all protected testimony.

11           (c)  for information produced in some form other than documentary and

12   for any other tangible items, that the Producing Party affix in a prominent place on

13   the exterior of the container or containers in which the information is stored the

14   legend "CONFIDENTIAL."  If only a portion or portions of the information

15   warrants protection, the Producing Party, to the extent practicable, shall identify the

16   protected portion(s).

17       5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

18   failure to designate qualified information or items does not, standing alone, waive

19   the Designating Party's right to secure protection under this Order for such material.

20   Upon timely correction of a designation, the Receiving Party must make reasonable

21   efforts to assure that the material is treated in accordance with the provisions of this

22   Order.

23

24   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

25       6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

26   designation of confidentiality at any time that is consistent with the Court's

27   Scheduling Order.

28

STIPULATED PROTECTIVE ORDER

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on

the Designating Party.  Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions.  Unless the Designating

Party has waived or withdrawn the confidentiality designation, all parties shall

continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the

challenge.


7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending or attempting to settle this Action.  Such

Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order.  When the Action has been terminated, a

Receiving Party must comply with the provisions of section 13 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as

9

STIPULATED PROTECTIVE ORDER

1   well as employees of said Outside Counsel of Record to whom it is reasonably

2   necessary to disclose the information for this Action;

3           (b)  the officers, directors, members, and employees (including House

4   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

5   Action;

6           (c)  Experts (as defined in this Order) of the Receiving Party to whom

7   disclosure is reasonably necessary for this Action and who have signed the

8   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9           (d)  the court and its personnel;

10          (e)  court reporters and their staff;

11          (f)  professional jury or trial consultants, mock jurors, and Professional

12   Vendors to whom disclosure is reasonably necessary for this Action and who have

13   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14          (g)  the author or recipient of a document containing the information or a

15   custodian or other person who otherwise possessed or knew the information;

16          (h)  during their depositions, witnesses, and attorneys for witnesses, in the

17   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

18   requests that the witness sign the form attached as Exhibit A hereto; and (2) they

19   will not be permitted to keep any confidential information, unless otherwise agreed

20   by the Designating Party or ordered by the court.  Pages of transcribed deposition

21   testimony or exhibits to depositions that reveal Protected Material may be separately

22   bound by the court reporter and may not be disclosed to anyone except as permitted

23   under this Stipulated Protective Order; and

24          (i)  any mediator or settlement officer, and their supporting personnel,

25   mutually agreed upon by any of the parties engaged in settlement discussions.

26

27   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

28                                      10

IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

11

1   construed as prohibiting a Non-Party from seeking additional protections.

2           (b)  In the event that a Party is required, by a valid discovery request, to

3   produce a Non-Party's confidential information in its possession, and the Party is

4   subject to an agreement with the Non-Party not to produce the Non-Party's

5   confidential information, then the Party shall:

6           (1)  promptly notify in writing the Requesting Party and the Non-Party

7   that some or all of the information requested is subject to a confidentiality

8   agreement with a Non-Party;

9           (2)  promptly provide the Non-Party with a copy of the Stipulated

10  Protective Order in this Action, the relevant discovery request(s), and a reasonably

11  specific description of the information requested; and

12          (3)  make the information requested available for inspection by the

13  Non-Party, if requested.

14          (c)  If the Non-Party fails to seek a protective order from this court within

15  14 days of receiving the notice and accompanying information, the Receiving Party

16  may produce the Non-Party's confidential information responsive to the discovery

17  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

18  not produce any information in its possession or control that is subject to the

19  confidentiality agreement with the Non-Party before a determination by the court.

20  Absent a court order to the contrary, the Non-Party shall bear the burden and

21  expense of seeking protection in this court of its Protected Material.

22

23  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25  Protected Material to any person or in any circumstance not authorized under this

26  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

27  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

28

STIPULATED PROTECTIVE ORDER

1   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

2   persons to whom unauthorized disclosures were made of all the terms of this Order,

3   and (d) request such person or persons to execute the "Acknowledgment and

4   Agreement to Be Bound" that is attached hereto as Exhibit A.

5

6   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

7         PROTECTED MATERIAL

8         When a Producing Party gives notice to Receiving Parties that certain

9   inadvertently produced material is subject to a claim of privilege or other protection,

10  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

11  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

12  procedure may be established in an e-discovery order that provides for production

13  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

14  (e), insofar as the parties reach an agreement on the effect of disclosure of a

15  communication or information covered by the attorney-client privilege or work

16  product protection, the parties may incorporate their agreement in the stipulated

17  protective order submitted to the court.

18

19  12.   MISCELLANEOUS

20        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

21  person to seek its modification by the Court in the future.

22        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

23  Protective Order, no Party waives any right it otherwise would have to object to

24  disclosing or producing any information or item on any ground not addressed in this

25  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

26  ground to use in evidence of any of the material covered by this Protective Order.

27        12.3   Filing Protected Material.  A Party that seeks to file under seal any

28

1  Protected Material must comply with Local Civil Rule 79-5.  Protected Material

2  may only be filed under seal pursuant to a court order authorizing the sealing of the

3  specific Protected Material at issue.  If a Party's request to file Protected Material

4  under seal is denied by the court, then the Receiving Party may file the information

5  in the public record unless otherwise instructed by the court.

6

7  13.    FINAL DISPOSITION

8         After the final disposition of this Action, as defined in paragraph 4, within 60

9  days of a written request by the Designating Party, each Receiving Party must return

10  all Protected Material to the Producing Party or destroy such material.  As used in

11  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12  summaries, and any other format reproducing or capturing any of the Protected

13  Material.  Whether the Protected Material is returned or destroyed, the Receiving

14  Party must submit a written certification to the Producing Party (and, if not the same

15  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

16  (by category, where appropriate) all the Protected Material that was returned or

17  destroyed and (2) affirms that the Receiving Party has not retained any copies,

18  abstracts, compilations, summaries or any other format reproducing or capturing any

19  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

21  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

22  reports, attorney work product, and consultant and expert work product, even if such

23  materials contain Protected Material.  Any such archival copies that contain or

24  constitute Protected Material remain subject to this Protective Order as set forth in

25  Section 4 (DURATION).

26  //

27  //

28                                         14

STIPULATED PROTECTIVE ORDER

1    14.    <u>VIOLATION</u>

2    Any violation of this Order may be punished by appropriate measures including,

3    without limitation, contempt proceedings and/or monetary sanctions

4

5    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7    DATED: September 23, 2020

8

9    <u>*/s/ David A. Shaneyfelt*</u>
     Attorneys for Plaintiff
10   D. GIBBS POLICY, LLC

11

12   DATED: September 23, 2020

13

14    <u>*/s/ Charan M. Higbee*</u>
     Attorneys for Defendant
15   AXA EQUITABLE LIFE INSURANCE COMPANY

16

17

18   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

19

20   DATED: September 24, 2020

21

22   _____

23   HON. ROZELLA A. OLIVER
     United States Magistrate Judge

24

25

26

27

28                                15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ in the case of *D. Gibbs Policy, LLC v. AXA Equitable*

*Life Insurance Company,* Case No. 2:20-cv-04006-DSF-RAO.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

STIPULATED PROTECTIVE ORDER